# COWLING v. DOUGLASS.

1. The mere neg'ect of a trustee to sell property, conveyed to him by the grantor, cannot defeat the object of the trust. *Quere?* Would the omission of the trustee to execute the trust for an *unreasonable time*, with the knowledge or assent of the *cestui que trust*, lead to the conclusion that the deed was fraudulent ?

WRIT of Error to the Circuit Court of Lowndes.

This was a trial of the right of property under the statute. From the record it appears that a writ of *fieri facias* was issued at the suit of the defendant in error against the goods and chattels, &c. of Wm. J. Staggers, and was levied on a negro man as his property, to whom the plaintiff in error interposed a claim. The question of the liability of the slave to satisfy the execution was tried by a jury. On the trial the claimant excepted to the ruling of the presiding Judge. The bill of exceptions sets forth that the claimant offered in evidence a deed of trust, executed by the defendant in execution, which conveyed the slave in controversy to the claimant, in trust, to pay certain preferred debts. To attack the validity of the deed of trust, the plaintiff in execution offered to prove the value of the property conveyed, and the neglect of the trustee in fulfilling the object of the trust; the claimant objected, but his objection was overruled and the evidence admitted. For the purpose of explaining his seeming neglect, the claimant proposed to prove that he had advertised the trust property, when one James M. Staggers appeared, claimed four of the negroes conveyed by the deed, and forbade the sale; this evidence was rejected by the Court, on the ground that these matters all occurred after the slave in question had been levied on, and the claim of the property was made.

The plaintiff in execution was allowed to attack the validity of the deed, by showing that the claimant never offered to sell any part of the trust property until the execution was levied; and this although the claimant objected to the admission of such evidence.

Cowling v. Douglass.

J. B. Clarke, with whom was Graham, for the plaintiff in error.

Cook, for the defendant.

COLLIER, C. J.—The material question arising upon the bill of exceptions is this, will the neglect of a trustee to execute the trust affect the validity of the deed by which it is created?

Whenever a trust is created, a legal estate sufficient for its execution shall be considered to be vested in the trustee, if it be possible, though not expressly provided for. [Lewen on Trusts and Trustees, 234.] But his power over the legal estate properly speaking, exists only for the benefit of the *cestui que trust*, yet there are acts which, in virtue of his legal property, the trustee may do to the prejudice of his beneficiary. [2 Story's Eq. 241.] The extent of his legitimate authority over the subject of the trust property depends upon the nature of the trust, and sometimes upon the character and situation of the *cestui que trust*. [Ib. 242.]

Among the acknowledged duties of the trustee, is to apply the trust fund to the purpose of the trust. [Lewen on Trusts and Trustees, 295, 317.] And he is regarded as a mere passive depository, unauthorised to take any part of the estate or its profits, except for the purpose of its defence or protection. [Ib. 412.] Hence it may be regarded as settled that the forbearance of a trustee in doing what it was his duty to do, shall not prejudice the *cestuis que trust*, otherwise it would be in the power of trustees either by doing, or delaying to do, their duty, to affect the right of other persons—which can never be maintained. [Ib. 656; Lechmere v. Earl of Carlisle, 3 P. Wm's. Rep. 215; see also Mordecai & Wanroy v. Tankersly, 1 Ala. Rep. N- S. 100.]

The statement of these principles will be quite sufficient to show, that the mere neglect of a trustee to sell property conveyed to him for the payment of the creditors of the grantor, cannot defeat the object of the trust. It may be possible that the *cestuis que trust* had no notice of the conveyance for their benefit until the levy was made, and under such circumstances, the implication of fraud from the neglect of the trustee, cannot be made to their prejudice. What influence the omis-

sion of the trustee to execute the trust for an unreasonable time with the knowledge or assent of the *cestuis que trust*, should have in inducing the conclusion of fraud, is a question not raised on the record.

The jurisdiction of Chancery over the subject of trusts is very ample, and by a resort to that tribunal, the *cestui que trust*, or others who are ultimately interested in the trust property, may quicken the diligence of the trustee, and coerce an execution of the trust—but a Court of law cannot treat the deed as invalid in consequence of the mere remissness of the trustee in performing his duty. [Lewen on Trusts and Trustees, 486.]

So much of the evidence as related to the advertisement of the trust property, &c. after the levy of the execution, under the view we have taken of this case, was inadmissible, and did not tend to establish any material fact.

Our conclusion is, that the judgment of the Circuit Court must be reversed and the case remanded.